UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED IN COURT
JUN 2 4 2011
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| versus : | CRIMINAL NO. 11-63-BAJ-SCR |
| : | |
| PALO ALTO ROD AND GUN CLUB, L.L.C. : | |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, through undersigned Assistant United States Attorney, and the above-named defendant, hereafter Palo Alto, L.L.C., agree that the defendant will enter pleas of guilty to Counts One, Two, Three and Four of the Bill of Information, charging violations of the Migratory Bird Treaty Act, in violation of Title 16, United States Code, Section 704(b)(1), 704(b)(2), 707(a) & (c) and Title 18, United States Code, Section 2.

2.

The United States Attorney and the defendant agree that, if the Court accepts the guilty pleas, no additional criminal charges related to the violations contained in the Bill of Information will be brought against the defendant in this district.

3.

The defendant agrees to provide the United States and the Court with a notarized resolution issued by the defendant's Board of Directors authorizing Robert Lemann Sr., President, to appoint a representative of the defendant to act on the defendant's behalf in this matter, including entering into this agreement and entering a plea of guilty to Counts One, Two, Three and Four of the Bill of Information. Said resolution shall be provided to the United States and the Court at least three business days prior to the defendant's arraignment.

4.

The defendant hereby expressly waives the right to appeal the conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

5.

Pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, the defendant and the United States Attorney agree that the appropriate disposition of the case is a sentence of a monetary fine in the amount of $25,300 payable in full at the time of sentencing and in addition, that the defendant serve a term of probation for two (2) years during which the defendant shall be prohibited from engaging in the commercial business of providing hunts for mourning dove, a migratory game bird protected under the Migratory Bird Treaty Act.

6.

The defendant understands that, the statutory maximum possible penalty for Counts One and Two is a fine of up to $200,000, per count. In addition, the Court must impose a special assessment of $125, per count, which defendant agrees to pay at the time of sentencing. The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when determining the appropriate sentence as to Counts One and Two.

The defendant understands that the statutory maximum possible penalty for Counts Three and Four is a fine of up to $15,000, per count. In addition, the Court must impose a special assessment of $50, per count, which defendant agrees to pay at the time of sentencing. The defendant understands that the Court must consult 18 U.S.C. § 3553(a) and take the factors set forth therein into account when determining the appropriate sentence.

The defendant understands that total maximum penalties for Counts One, Two, Three and Four is a fine of $430,000. In addition, the Court must impose special assessments totaling $350, which defendant agrees to pay at the time of sentencing.

7.

The United States and the defendant stipulate, pursuant to Rule 11(b)(3) of the Federal Rules of Criminal procedure and pursuant to Section 6B1.4 of the United States Sentencing Guidelines to the following factual basis:

> During the period from in or about October 2001 through in or about September 2007, defendant Palo Alto Gun and Rod Club, L.L.C. ( hereafter "Palo Alto") was a Louisiana limited liability company located in Donaldsonville, Louisiana and within the Middle District of Louisiana. Part of their business was to provide hunts for mourning dove, a migratory game bird protected under the Migratory Bird Treaty Act, Title 16, United States Code, Section 703 et seq. and Title 50, Code of Federal Regulations, Part 20 et seq.
>
> During the period from in or about August 1, 2007 through in or about September 9, 2007, defendant, Robert Paul "Bubba" Lemann Jr., was the Manager of Palo Alto.
>
> During the period from in or about August 1, 2007 through in or about September 9, 2007, defendant, Kenneth James Gomez, was the Manager of Hunting Operations of Palo Alto.
>
> During the period from in or about August 1, 2007 through in or about September 9, 2007, defendant, Wayne Thomas Gomez, was an employee of Palo Alto.
>
> Prior to the opening of the Louisiana 2007 Mourning Dove season, on or about August 28, 2007, in the Middle District of Louisiana, the defendants, did place and direct the placement of a large quantity of wheat on a field knowing that the field was to be hunted over for mourning dove by guest hunters. On September 1, 2007 the defendants hosted a dove hunt in which approximately 120 persons participated and the guest hunters killed doves over the baited field. The defendants did not tell the hunters that the field was baited.
>
> On or about September 6, 2007, in the Middle District of Louisiana, the defendants, did again place and direct the placement of a large quantity of wheat on the field knowing that the field was to again be hunted over for mourning dove by guest hunters. On September 9, 2007 the defendants hosted a second dove hunt in which approximately 85 persons participated and the guest hunters killed doves over the baited field. Again, the defendants did not tell the hunters that the field was baited.

The defendant understands that the court is not bound by this stipulation.

8.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report, if mandated by the court. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the pleas and will advise the defendant that, if the pleas are not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

9.

The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that he has not been threatened, intimidated, or coerced in any manner.

10.

The defendant acknowledges that this Plea Agreement has been entered into knowingly, voluntarily, and with the advice of counsel, and that it fully understands the agreement. The defendant has no objection to the legal representation it has received.

This Plea Agreement is entered into this ___ day of June, 2011, at Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

PALO ALTO, L.L.C.
DEFENDANT By
ARTHUR A. LEMANN III, Esq.

DONALD J. CAZAYOUX JR., LBN 20742
UNITED STATES ATTORNEY

ARTHUR A. LEMANN III., LBN 8296
ATTORNEY FOR DEFENDANT
643 Magazine Street, Suite 300
New Orleans, Louisiana 70130
Telephone: 504-522-8104
Fax: 504-525-4231

LYMAN E. THORNTON III., LBN 20393
ASSISTANT U.S. ATTORNEY
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561